UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01008-JGB-SHK | Date | June 26, 2024 |
| Title | *Eli Ramos v. Crown Equipment Corporation* | | |

Present: The Honorable **JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE**

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the July 1, 2024 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Eli Ramos's motion to remand. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **VACATES** the July 1, 2024, hearing.

I. BACKGROUND

On April 4, 2024, Plaintiff Eli Ramos ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against Defendant Crown Equipment Corporation ("Defendant") and Does 1 through 50, inclusive. ("Complaint," Dkt. No. 1-1.) The Complaint alleges four causes of action: (1) negligence; (2) breach of warranty; (3) strict liability; and (4) negligence per se.

On May 9, 2024, Defendant removed the action based on diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.) On May 28, 2024, Plaintiff filed the Motion. (See Motion.) Defendant opposed the Motion on June 3, 2024. ("Opposition," Dkt. No. 12.) On June 13, 2024, Plaintiff filed a reply.[1] ("Reply," Dkt. No. 13.)

---

[1] Plaintiff filed both his Motion and his Reply late. Plaintiff was required to file the Motion no later than twenty-eight days before the hearing date and the reply no later than fourteen days before the hearing date. See Fed. R. Civ. P. 6, 7; L.R. 6-1, 7-10. Plaintiff is warned that any future failure to comply with the Local Rules will result in sanctions.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading. Id. § 1446(b).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III.   DISCUSSION

Neither party disputes that they are citizens of different states, nor that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). (Opposition at 2.)

Plaintiff argues that this action should be remanded pursuant to 28 U.S.C. § 1445(c) ("Section 1445(c)") because it arises under California's worker's compensation law. (Motion at 3.) The Court disagrees. Under Section 1445(c), a civil action in any state court arising under the worker's compensation laws of such state may not be removed to any district court of the United States. 28 U.S.C. § 1445(c). If Section 1445(c) applies, a case is not removable even if it presents a federal question or diversity jurisdiction. Gutierrez v. McNeilus Truck & Mfg., Inc., 2019 WL 5302930, at *2 (N.D. Cal. Oct. 21, 2019) (citing Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1244 (8th Cir. 1995)). Although the Ninth Circuit has not defined "arising under" in the context of Section 1445(c), all courts that have addressed the issue agree that "arising under" in Section 1445(c) has the same meaning as it does in 28 U.S.C. § 1331. Snelling Emp., LLC v. Cousins Packaging, Inc., 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015). As applied to Section 1445(c), a civil action "arises under" a state's worker's compensation law when (1) the worker's compensation law creates the plaintiff's cause of action; or (2) is a necessary element of the claim. Ramirez v. Saia Inc., 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014). Section 1445(c) does not prohibit plaintiffs from filing worker's compensation actions directly in federal court. Vasquez v. N. Cnty. Transit Dist., 292 F.3d 1049, 1061 (9th Cir. 2002).

Plaintiff first argues that his Complaint is nonremovable because it arises under California's worker's compensation laws. (See Motion at 5-6.) Plaintiff is incorrect. Plaintiff asserts claims for negligence, breach of warranty, strict liability, and negligence per se, which

sound in tort, not worker's compensation law. <u>Lee v. Terex Corp.</u> is instructive. 2023 WL 8587228, at *1 (N.D. Cal. Dec. 8, 2023). In <u>Lee</u>, a plaintiff initiated suit in state court asserting claims against defendants for negligence and products liability, and sought compensatory damages. <u>Lee</u>, 2023 WL 8587228, at *1. The court held that Lee's products liability and negligence claims did not prevent removal under Section 1445(c) because the claims did not "arise under" California's worker's compensation laws. <u>Id.</u> The court explained that products liability and negligence claims are completely independent of and do not involve an adjudication of worker's compensation benefits, and the resolution of those claims does not involve, in any way, a dispute about the California Labor Code sections that are part of the worker's compensation scheme. <u>Id.</u> Instead, to prevail on those claims, Lee had to prove the elements of products liability and negligence under California common law. <u>Id.</u> at *4.

Similarly, Plaintiff's claims do not arise under worker's compensation law. As the plaintiff's claims in <u>Lee</u>, Ramos's tort claims are completely independent of and do not involve an adjudication of his worker's compensation benefits. Instead, to prevail on his claims, Ramos will have to prove the elements of negligence, breach of warranty, strict liability, and negligence per se under California common law. As such, Plaintiff's claims do not arise under worker's compensation law, and they are removable.

Plaintiff next argues that the action is nonremovable because he pled a notice of related action to a worker's compensation case. (Motion at 5–6.) Again, the Court disagrees. Plaintiff pled a notice of related action to San Bernadino Superior Court case <u>Berkshire Hathaway Homestate Insurance Company v. Crown Lift Trucks, et al.</u>, a pending worker's compensation matter. (<u>See</u> Motion at 5-6; Opposition at 3.) That case, in which the plaintiff Berkshire Hathaway Homestate Insurance Company ("Berkshire") makes a claim for subrogation under California Labor Code § 3852 ("Section 3852"), cannot be considered because Berkshire was not a party prior to the removal and Berkshire has not intervened in Plaintiff's lawsuit. (<u>See</u> Motion at 5-6; Opposition at 3-5.) Section 3852 confers a right of subrogation on employers and others, such as insurance carriers, who pay worker's compensation benefits. <u>Camacho v. JLG Indus., Inc.</u>, 2017 WL 3894981, at *2 (C.D. Cal. Sept. 6, 2017). The statute allows those obligated by state law to pay worker's compensation benefits to bring an action against a tortious third party for recovery of those benefits. <u>Id.</u> (citing <u>Zurich Am. Ins. Co. v. Gen. Motors Corp.</u>, 242 F. Supp. 2d 736, 737 (E.D. Cal. 2003)). A party with subrogation rights may choose to bring an action directly against a third party, intervene in a plaintiff's action, or claim a lien on recovery. <u>Id.</u> (citing <u>Alonso v. Blount, Inc.</u>, 2016 WL 4251569, at *4 n.8 (C.D. Cal. Aug. 10, 2016)). Because of the right to intervene and because Section 1445(c) prohibits removal of the intervener's claim, once a party lawfully intervenes in state court, the plaintiff's otherwise removable claim can no longer be removed. <u>Id.</u> In California, "an intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." <u>Id.</u> (citing <u>W. Heritage Ins. Co. v. Superior Court</u>, 199 Cal. App. 4th 1196, 1206 (2011)).

Here, however, Berkshire was not a party prior to removal and Berkshire has not intervened in Plaintiff's lawsuit. (See Motion at 5-6; Opposition at 3-5.) Courts in this circuit have found that actions are removable under similar circumstances. In <u>Gutierrez</u>, a plaintiff

initiated a personal injury suit in state court against a defendant. Gutierrez, 2019 WL 5302930, at *1. The defendant removed the action based on diversity of citizenship under 28 U.S.C. § 1441(b). Id. The plaintiff alleged that his claim was not removable because he anticipated that the insurance company or his employer would intervene under Section 3852; however, neither was a party to the action. Id. at *3. As such, the court held that Section 3852 did not bar removal. Id. The Gutierrez court explained that an insurer's suit under Section 3852 to recover worker's compensation benefits "arises under" California's worker's compensation law and is therefore nonremovable. Id. at *2. However, Section 1445(c) was not implicated because neither Gutierrez's employer nor its worker's compensation insurer had asserted a subrogation claim. Id.; see also Camacho, 2017 WL 3894981, at *1, 3 (holding that a plaintiff's tort action in state court was removable because the insurance company was not a party to the action, even though its motion to intervene as a subrogee was pending).[2]

Plaintiff's assertion that removal to this Court was procedurally improper because there exists a related worker's compensation case is therefore incorrect. As in Gutierrez, where the plaintiff alleged that his claim was nonremovable because of an anticipated subrogation claim, Plaintiff's assertion that the "eventual consolidation of the two cases into one case would caption under the Berkshire case" does not save his argument. (See Motion at 6.) Like Camacho, where a pending motion to intervene based on a subrogation claim was not enough to render the plaintiff's otherwise removable claims nonremovable, Plaintiff's plan of eventual consolidation with Berkshire is also insufficient to remand this action. Berkshire is not a party to this case; accordingly, Section 1445(c) does not apply.

Finally, Plaintiff argues that removing his case to district court while the Berkshire case remains in state court would be contrary to the Court's goal of judicial economy and efficiency. (Reply at 3-4.) In Camacho, the Court noted that such an outcome is, in fact, in tension with the policy goals of Section 1445(c). Camacho, 2017 WL 3894981, at *2. Even so, the Court held that the law required a denial of the motion to remand. Id. This Court adopts Camacho's reasoning. Berkshire has not intervened in Plaintiff's claim, and nothing prevents Berkshire from intervening in federal court. As such, the action is removable.

Accordingly, the Court **DENIES** Plaintiff's motion to remand. Because the Court denies Plaintiff's request to remand the case, the Court also **DENIES** Plaintiff's request for sanctions. (See Motion at 7-8.)

//
//
//
//
//
//

---

[2] Federal jurisdiction must be evaluated at the time of removal. Ellis v. Pac. Bell Tel. Co., 2011 WL 13225121, at *1 (C.D. Cal. Jan. 6, 2011).

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion.  The Court **VACATES** the July 1, 2024 hearing.

**IT IS SO ORDERED.**